DANIEL O. DICKINSON, appellant, *v.* ELI WHITNEY, appellee.

## *Appeal from Lake.*

If a person sell the property of another and receive the price in money, an action for money had and received will lie to recover it. Even where the sale is made without any authority from the owner, he may waive the tort and sue in *assumpsit* for the price actually received.

ASSUMPSIT, in the Lake Circuit Court, brought by the appellee against the appellant, and heard before the Hon. Jesse B. Thomas and a jury at the September term 1847. Verdict and judgment for the plaintiff below for $713·30.

The evidence given on the trial, and the instructions asked by counsel are embodied in the Opinion of the Court.

*G. Goodrich,* for the appellant.

*A. T. Bledsoe,* for the appellee.

The Opinion of the Court was delivered by

TREAT, J.* This was an action of *assumpsit,* commenced in the Lake Circuit Court by Eli Whitney, the appellee, against Daniel O. Dickinson, the appellant. The declaration contained two special counts, and a common count for money had and received. Plea, *non-assumpsit,* and trial by a jury.

The appellee read in evidence this receipt, "Received in store, Little Fort, Nov. 6, 1846, 726 $\frac{54}{60}$ bushels of Wheat, subject to the order of Eli Whitney, on return of this receipt and payment of charges and advance. D. O. Dickinson." It was proved by a witness, that Dickinson requested him on the 10th of June, 1847, to tell Whitney that he had sold or contracted to sell, his wheat to net him one dollar per bushel, and that the money would be ready for him on the next Tuesday or Wednesday, of which witness in-

---

*WILSON, C. J. did not sit in this case.

Dickinson *v.* Whitney.

formed Whitney. Dickinson said to witness, that Whitney had authorized him to sell the wheat when it would net him a dollar. A second witness swore, that Dickinson told him he had purchased Whitney's wheat. A third witness testified, that Dickinson told him previous to the 10th of June, 1847, and while wheat was rising, that he had bought Whitney's wheat. Another witness stated, that Dickinson informed him between the 10th and 15th of June, 1847, that he had sold all his wheat. Witness offered Whitney one dollar and four cents for his wheat, but he said that Dickinson had the preference; wheat was worth one dollar on the 10th of June. Another witness said, that wheat was worth one dollar and six cents on the 6th of June.

A witness introduced by the appellant, testified to a conversation between the parties on the last of June, in which witness said he had come to see if the wheat was gone and receive his pay for it, and Dickinson replied that he had contracted the wheat to the captain of the steamboat Empire to net him one dollar. Whitney said it was a good sale and asked whether the sale would be good if wheat should fall, and Dickinson answered that the captain had promised to take it the next trip, and would no doubt do so if the price continued the same. This witness heard another conversation on the last of July, in which Whitney asked what was to be done as the captain did not take the wheat, and Dickinson said he would deliver him as good wheat on his receipt, or pay him the market price, and Whitney remarked that he would see about it. A second witness for the appellant stated, that he had been in the employment of Dickinson and had charge of his warehouse; that the captain of the Empire called on the 23d of June, but took no wheat; he promised to stop the next trip but did not; there were thirty five thousand bushels of wheat in the warehouse during the preceding winter, which was all mixed together; the last shipment of wheat, one thousand bushels, was made on the 23d of July, leaving on hand only one hundred bushels; there was a waste on the receipts of that season of six hundred and forty three bushels as ascertained by actual weight; wheat was

worth but sixty six cents between the 10th and the 23d of July; the usual charge for storage and shipment was four cents per bushel.

The Court, at the request of the appellee, instructed the jury, *first*, "if they believe from the evidence, that the defendant has sold the wheat stored with him by the plaintiff and received the money for it, then an action for money had and received will lie;" and *second*, "if the defendant has sold the wheat as his own and received the money, this action will lie."

The appellant asked the Court to instruct the jury, *first*, "If they shall believe from the evidence, that the defendant offered to deliver to the plaintiff before the commencement of this suit, the quantity of wheat called for by his receipt, and of as good quality as that stored with the defendant, then the law is for the defendant, unless the jury shall also find from the evidence that the defendant had sold the plaintiff's wheat for him at one dollar per bushel net as he had been authorized to do;" *second*, "that the defendant was not bound to deliver to the plaintiff the same wheat received in store on his receipt, but only wheat of as good quality;" and *third*, "that if the jury believe from the evidence, that there was an insufficiency of wheat on hand in the warehouse to fill the plaintiff's receipt at any time during the season and before the commencement of this suit, and that such deficit was occasioned by waste, then the law is for the defendant, unless the jury shall also find from the evidence, that the plaintiff's wheat was sold in pursuance of the authority given to the defendant by the plaintiff."

The Court gave the second of these instructions, but refused to give the first and third. The jury returned a verdict for the appellee for $713·30. The Court refused to grant a new trial, and rendered judgment on the verdict. The several decisions of the Circuit Court, in giving and refusing instructions and in overruling the motion for a new trial, are assigned for error.

The instructions given by the Court at the instance of the appellee are unquestionably correct. They assert the fa-

miliar principle of the law, that if a party has sold the property of another and received the price in money, an action for money had and received will lie to recover it. Even where the sale is made without any authority from the owner, he may waive the tort and sue in *assumpsit* for the price actually received. The first and third instructions demanded by the appellant were properly refused. These instructions apply to the whole declaration. Without stopping to inquire into their propriety with reference to the special counts, it is very clear that they are erroneous as to the general count for money had and received. When applied to this count, they in effect deny all responsibility on the part of the appellant, unless he has strictly pursued the authority given him by the appellee, and would excuse him from all liability, if he had sold the wheat on any other terms than those prescribed by the appellee. He was liable on the common count, even if he had sold the wheat in express violation of the instructions of the appellee, provided he had received the price in money.

In the opinion of the Court, the application for a new trial was properly denied. We are not prepared to say that the finding of the jury was manifestly against the weight of evidence, as we would be compelled to say in order to set aside the verdict. It was peculiarly a case for the consideration of a jury, and the verdict should not be disturbed but for the most substantial reasons. Laying out of view the special counts, which the testimony perhaps did not sustain, the real question in the case was, whether the appellant had sold the wheat and received the price in money; and that was purely a question of fact to be determined from all of the circumstances developed on the trial. It conclusively appeared, that he received the wheat from the appellee and mixed it with a large amount of other wheat in his warehouse, and that the whole, with the exception of one hundred bushels, was shipped before the suit was commenced. In the absence of any other testimony, this would make out a *prima facie* case against him, and require him to show circumstances rebutting the presumption that he had received the cur-

rent value in money. He had voluntarily parted with the wheat, and the presumption was that he required payment when he delivered it. The other evidence does not conflict with this view of the case. While the wheat was in the warehouse and advancing in value, the appellant stated to several persons that he had purchased it, and he admitted to another person that he had sold all of his wheat. He sent information to the appellee that he had sold, or contracted to sell, his wheat to net him one dollar per bushel, and to call on a particular day and receive the money. When called on for payment, he insisted that the wheat was not then paid for and delivered. When called on a second time after the whole of the wheat had been sent forward, and when it had fallen much in value, he offered to procure other wheat for the appellee, or pay him the reduced price. It was in his power to explain away the case made against him, if he had not actually obtained the money for the wheat. If it was shipped without being sold, or sold upon credit, he could easily have established it on the trial. Failing to do it, the jury were authorized to believe that he had sold the wheat when it bore the price the appellee demanded; and that his subsequent conduct and declarations were but expedients to induce the appellee to take other wheat, or the depreciated price. The circumstance, that the waste on the whole of the wheat in store and the balance on hand would account for the amount received of the appellee, was entitled to but little consideration, for the reason that the appellee was, at most, only bound to bear a proportionate share of the loss. We are satisfied that no error has been committed in the case, and the judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*